**Sam KALB, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.

Nov. 15, 1965.

Harold Tompkins, New York City, for plaintiff.

Lawrence W. Schilling, Asst. U. S. Atty., Southern Dist. of New York, New York City, for defendant.

COOPER, District Judge.

We deal here with cross-motions. For practical purposes, this Court considers plaintiff's motion as one addressed to its jurisdiction to award "a judgment affirming, modifying, or reversing the decision of the Secretary [SECRETARY OF HEALTH, EDUCATION AND WELFARE], with or without remanding the cause for a rehearing. * * *" pursuant to 42 U.S.C. § 405(g), Sec. 205(g) of the Social Security Act as amended. Plaintiff misconstrues his remedy by asking for summary judgment.

On March 6, 1964 the Hearing Examiner filed his report denying to plaintiff some of the old-age insurance benefits claimed by him under Sec. 205(g) of the Act. He declared (Transcript, p. 23):

"It is incumbent upon an applicant seeking a Social Security benefit to prove his claim by credible evidence of probative value. This, in the opinion of the Hearing Examiner, the claimant has failed to do * *"

After considering additional evidence submitted by Claimant, and based on all the proceedings theretofore had in the matter, the Appeal Council (on September 14, 1964) denied a request for review. The defendant Secretary found neither good nor sufficient cause to interfere. We wish it distinctly understood that if nothing more were before us than the proceedings to which we have already alluded, this Court would unhesitatingly dismiss the instant proceedings. We certainly regard as entirely unwarranted

plaintiff's caustic, scolding and belittling estimate of those proceedings as conducted by public officials, accountable to the Secretary, who fulfilled their respective duties on the basis of the information then before them.

In support of plaintiff's instant application, however, there are submitted sworn affidavits, verified April, May and June, 1965 (more than a year after the date of the Hearing Examiner's report), which have a direct bearing on the scanty factual material placed before him. They fall principally into two categories: (1) the pursuit by plaintiff of his alleged occupation during the vital years in question, and (2) the issue relating to plaintiff's asserted efforts (within that same period) to furnish a money dowry. While the recitals by the affiants are equivalent to factual conclusions and are sparce in detail, we regard them sufficient in context to alert us to the possibility that there may exist testimony sufficiently impressive to warrant consideration alongside the entire record so far adduced.

This new "testimony" relates directly and substantially to the matter in dispute. It indicates an enlargement of the factual issues raised before the Hearing Examiner. "It is desirable  *  *  * that a final determination of the merits of the claim be guided by a more complete showing  *  *  *." Jacobson v. Folsom, 158 F.Supp. 281, 288 (S.D.N.Y. 1957).

The defendant cautions us correctly as to our limitations upon review of this problem. The fair likelihood of significant evidence being adduced here prompts us to hold that "substantial evidence" is a significant and meaningful part of the totality of substantial justice, and if 42 U.S.C. § 405(g) stands for anything, it is that substantial justice be done.

The weight and appropriate estimate of this additional "proof" is clearly within the province of defendant's appraisal; this Court certainly does not wish to substitute its evaluation of the total record to be considered by defendant. We believe the Secretary shares our belief that

in view of these developments, "it would be wiser and in keeping with a sense of fair play  *  *  *." to remand. Jacobson v. Folsom, 158 F.Supp. at 286. We took the same position in Noll v. Secretary, 63 Civ. 2056 (S.D.N.Y.1964).

Pursuant to 42 U.S.C. § 405(g), the hearing is hereby ordered re-opened in order to consider the "evidence" above referred to and thus effectuate the objectives herein expressed. The cause is remanded for a rehearing not inconsistent with this opinion.

Each motion for summary judgment is denied.